# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SHANIKA R. HOBBS,<br><br>    Plaintiff,<br>v.<br>COMPASS GROUP,<br><br>    Defendant. | Case No. 24-CV-615-JPS<br><br><br>**ORDER** |
| SHANIKA R. HOBBS,<br><br>    Plaintiff,<br>v.<br>ASCENSION LIVING FRANCISCAN PLACE,<br><br>    Defendant. | Case No. 24-CV-616-JPS<br><br><br>**ORDER** |

  In April 2024, Plaintiff Shanika R. Hobbs ("Plaintiff") sued Defendant Compass Group ("Compass Group"), ostensibly for employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). *Shanika R. Hobbs v. Compass Group*, No. 24-CV-503-JPS, ECF No. 1 (hereinafter, "Case No. 24-CV-503"). Plaintiff's allegations relate to her former employment as a housekeeper at a senior living facility—Ascension Living Franciscan Place. *Id.*, ECF No. 8 at 5–6 & n.4.

Roughly four weeks later, Plaintiff filed two seemingly duplicative cases—one against Compass Group again, and one against Ascension Living Franciscan Place. *Shanika R. Hobbs v. Compass Group*, 24-CV-615-JPS (May 20, 2024) (hereinafter, "Case No. 24-CV-615"); *Shanika R. Hobbs v. Ascension Living Franciscan Place*, 24-CV-616-JPS (May 20, 2024) (hereinafter, "Case No. 24-CV-616"). It is not clear why Plaintiff filed these additional cases, since they appear to center around the same allegations from the same period of time as those raised in Case No. 24-CV-503.

In June 2024, the Court screened Plaintiff's pro se complaint in Case No. 24-CV-503 and authorized her to proceed on claims of race-based discrimination (both disparate treatment and hostile environment) and retaliation under Title VII, a claim that she was retaliated against in violation of Title VII for opposing/complaining about pregnancy-based discrimination in the workplace, and a Wisconsin law claim of wrongful discharge. *Id.* at 14. In that screening order, the Court acknowledged Plaintiff's filing of the two duplicative cases:

> The complaints and allegations appear to be largely identical to those brought herein, except that one of the cases lists Ascension Living Franciscan Place as Defendant instead of Compass Group. It is not at all clear why Plaintiff filed these additional cases. In any event, she cannot maintain three separate cases revolving around the same allegations, claims, and parties. The Court intends, by separate order in those cases, to dismiss them as essentially duplicative of the instant case. Should Plaintiff wish to amend her complaint in [Case No. 24-CV-503] to add any allegations from the complaints in those cases that are relevant [in Case No. 24-CV-503], she may move the Court for leave to do so.

*Id.* at 2 n.1.

As a matter of judicial economy, efficiency, and clarity, Plaintiff cannot maintain multiple active cases relating to grievances arising out of the same factual circumstances, during the same period of employment, based on the same legal theories, and involving the same parties. *See Hagee v. Evanston*, 729 F.2d 510, 514 (7th Cir. 1984) (citing *Consol. Distilled Prods., Inc. v. Allphin*, 382 N.E.2d 217, 221 (Ill. 1978) and *Radosta v. Chrysler Corp.*, 443 N.E.2d 670, 673 (Ill. 1982)); *cf.* 1 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE – Civil § 3.02 [9] (2024) ("When two or more actions involving identical or closely related claims and parties are filed in separate federal courts, the first-filed action generally takes precedence, and a district court may choose to . . . dismiss a duplicative later-filed action. This 'first-to-file' rule is a doctrine of federal comity, intended to . . . promote judicial efficiency . . . ."); *cf. Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("As a general rule, a federal suit may be dismissed 'for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court.' . . . . District courts are accorded 'a great deal of latitude and discretion' in determining whether one action is duplicative of another, but generally, a suit is duplicative if the 'claims, parties, and available relief do not significantly differ between the two actions.'" (quoting *Ridge Gold Standard Liquors v. Joseph E. Seagram*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983))).

However, "before dismissing a suit as duplicative, 'the district judge should consider any special factors counseling for or against the exercise of jurisdiction in the case before him.'" *Serlin*, 3 F.3d at 224 (quoting *Calvert Fire Ins. Co. v. Am. Mut. Reinsurance Co.*, 600 F.2d 1228, 1233 (7th Cir. 1979)). The two later-filed actions here are duplicative of Case No. 24-CV-503, and the Court sees no special factor counseling against their dismissal.

As already noted, should Plaintiff wish to add relevant allegations to Case No. 24-CV-503, she has been invited to move the Court (by filing on the docket in that case) for leave to amend her complaint. Similarly, should Plaintiff determine that she has, for example, named the incorrect party as defendant in Case No. 24-CV-503, she may move the Court (by filing on the docket) for leave to name the correct party as defendant. In other words, the dismissal of Case No. 24-CV-615 and Case No. 24-CV-616 should have no prejudicial effect on Plaintiff's ability to seek relief in Case No. 24-CV-503 related to her allegations.

For all these reasons, the Court will order that Case No. 24-CV-615 and 24-CV-616 be dismissed, and that the pending motions therein be denied as moot.

Accordingly,

**IT IS ORDERED** that Plaintiff Shanika R. Hobbs's motions for leave to proceed in forma pauperis, ECF No. 2 of 24-CV-615 and ECF No. 2 of 24-CV-616, be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff Shanika R. Hobbs's motion to omit Plaintiff's name, ECF No. 3 of 24-CV-616, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that Plaintiff Shanika R. Hobbs' cases, 24-CV-615 and 24-CV-616, be and the same are hereby **DISMISSED without prejudice** as duplicative.

The Clerk of Court is directed to enter judgment in Case Nos. 24-CV-615 and 24-CV-616 accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of June, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.